STATE of Maine,

v.

**Thomas CHAMBERS.**

Supreme Judicial Court of Maine.

Submitted on briefs Oct. 5, 1994.

Decided Oct. 21, 1994.

---

---

Michael E. Povich, Dist. Atty., Paul F. Cavanaugh, II, Asst. Dist. Atty., Calais, for the state.

Thomas Chambers, pro se.

Before WATHEN, C.J., and GLASSMAN, CLIFFORD, RUDMAN, DANA, and LIPEZ, JJ.

WATHEN, Chief Justice.

The State appeals from an order of the District Court (Calais, *Romei, J.*) dismissing, for lack of jurisdiction, a complaint brought against defendant Thomas Chambers.[1] Defendant, who is not a member of the Passamaquoddy Tribe, was charged in District Court with night hunting in Indian Township in violation of section 204(9) of the Passamaquoddy Tribal Ordinances Regulating Hunting, Fishing and Trapping in the Passamaquoddy Indian Territory (1989). Because jurisdiction exists, we vacate the dismissal and remand to the District Court.

Maine law grants exclusive authority to the Passamaquoddy Tribe to promulgate and enact ordinances regulating hunting, trapping, or other taking of wildlife within its territory.[2] 30 M.R.S.A. § 6207(1) (Pamph. 1993). "Such ordinances shall be equally applicable ... to all persons regardless of whether such person is a member of the respective tribe...." *Id.* Law enforcement officers appointed by the Passamaquoddy Tribe have exclusive authority to enforce, within the tribe's territory, such ordinances. 30 M.R.S.A. § 6210(1). With regard to jurisdiction, the Passamaquoddy Tribe has the right to exercise exclusive jurisdiction within its territory over violations by tribal members of such ordinances. 30 M.R.S.A. § 6206(3). The State, however, has exclusive jurisdiction over violations of tribal ordinances by non-tribal members.[3] *Id.*

In the instant case, a non-tribal member allegedly violated a tribal hunting ordinance. This hunting ordinance applies to defendant even though he is not a member of the tribe. *See* 30 M.R.S.A. § 6207(1). Pursuant to 30 M.R.S.A. § 6206(3), the State has exclusive jurisdiction over the prosecution of this matter. The District Court, therefore, erred in dismissing the case for lack of jurisdiction.

The entry is:

Judgment vacated. Remanded to the District Court for further proceedings consistent with the opinion herein.

All concurring.

---

1. The State appealed the District Court's pretrial dismissal pursuant to 15 M.R.S.A. § 2115–A (1980 & Supp.1993) and M.R.Crim.P. 37B.

2. The Tribe's authority in this area is subject only to certain authority held by the Commissioner of Inland Fisheries and Wildlife that is not relevant to the instant case. 30 M.R.S.A. § 6207(6) (Pamph.1993).

3. *See also* Passamaquoddy Tribal Ordinances Regulating Hunting, Fishing and Trapping in the Passamaquoddy Indian Territory § 700(1)(B) ("Any non-tribal person cited for a violation of any provision of these Ordinances shall be prosecuted in a State of Maine Court of Law.").